RICHARD A. PAUL (SBN 057976)
rpaul@paulplevin.com
ANGELA T. MULLINS (SBN 223737)
amullins@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants
SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION and BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROBERT BROWN,

Plaintiff,

v.

SAN DIEGO STATE UNIVERSITY FOUNDATION, a California non-profit corporation; BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, an unknown entity; and DOES 1 through 100, inclusive.

CASE NO. '13CV2294 L NLS

[Superior Court of the State of California, County of San Diego Case No. 37-2013-00060498-CU-OE-CTL]

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1331 and 1441**

**(FEDERAL QUESTION)**

Courtroom:
Judge:
Trial Date:

**BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY EXEMPT FROM FEES GOVT. CODE § 6103**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendants San Diego State University Research Foundation (the "Foundation") and the Board of Trustees of the California State University ("CSU") (collectively, the "Defendants") hereby removes this action from the Superior Court of California for the County of San Diego, to this Court. The state court action is a civil action over which this Court has original jurisdiction under 28 USC § 1331 (federal question), and is one that may be removed to this Court by Defendants pursuant to the 28 USC § 1441.

**I.**

**CASE HISTORY**

1. On July 31, 2013, Plaintiff Robert Brown (hereinafter "Plaintiff") filed an action in the Superior Court of the State of California for the County of San Diego entitled *Robert Brown v. San Diego State University Foundation, Board of Trustees of The California State University, and Does 1 through 100, inclusive*, and assigned Case Number: 30-2013-00060498-CU-OE-CTL.

2. On August 27, 2013, the Summons, Complaint, Civil Case Cover Sheet, ADR Information Packet, Notice of Case Assignment, Electronic Filing Requirements, Notice of Confirmation of Electronic Filing and General Order of the Presiding Department were served on the Foundation and CSU. A true and correct copy of the Complaint is attached as Exhibit A. True and correct copies of supporting documents are attached as Exhibit B. A true and correct copy of the Summons that was served on the Foundation is attached hereto as Exhibit C. A true and correct copy of the Summons that was served on CSU is attached hereto as Exhibit D.

3. On September 23, 2013, Defendants filed an Answer to Plaintiff's Complaint in the State Court. A true and correct copy of Defendants' Answer is attached hereto as Exhibit E.

4. On September 23, 2013, the Foundation filed a Peremptory Challenge in the State Court. A true and correct copy of the Foundation's Peremptory Challenge is attached hereto as Exhibit F.

5. Other than the attached exhibits, Defendants are not aware of any other documents in the State Court case file.

**FEDERAL QUESTION JURISDICTION**

6. Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has original jurisdiction to decide this matter under 28 U.S.C. § 1331, and this matter is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action founded on two claims under 42 U.S.C. § 1981.

7. Removal to this Court for federal question jurisdiction requires that the federal question be supported by a "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson* (1986) 478 US 804, 807–808. In essence, the grounds for removal must be apparent on the face of the complaint. *Id.* Here, Plaintiff has specifically alleged violations of 42 U.S.C. § 1981 in his second cause of action (race discrimination) and in his ninth cause of action (retaliation). (*See* Exhibit A, ¶¶ 28-32 and 66-70.) Accordingly, the face of the Complaint demonstrates the applicable federal question.

8. Finally, as long as the complaint sets forth at least one claim arising under federal law, this Court may exercise supplemental jurisdiction to adjudicate those state law claims that arise out of the same transaction. 28 U.S.C. § 1367(a); 28 U.S.C. § 1441(c). Here, the Complaint alleges violations of 42 U.S.C. § 1981 that are inextricably tied to the alleged harassment, retaliation and adverse employment actions that form the bases of Plaintiff's state law claims. Accordingly, this Court may exercise supplemental jurisdiction over all of the Plaintiff's state law claims.

Dated: September 25, 2013

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: *Richard A. Paul /s/*
RICHARD A. PAUL
ANGELA T. MULLINS
Attorneys for Defendants
SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION and BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY