## TABLE OF CONTENTS

| Exhibit | Description | Page |
|---------|-------------|------|
| A | Complaint | 1 |
| B | Notice of Case Assignment, Alternative Dispute Resolution Information | 23 |
| C | Summons served on the Foundation | 39 |
| D | Summons served on CSU | 40 |
| E | Defendants' Answer to Complaint | 41 |
| F | Peremptory Challenge | 54 |

# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/31/2013** at 10:55:25 AM

Clerk of the Superior Court
By Lee McAlister,Deputy Clerk

GENIENE B. STILLWELL, SBN 138323
FREDA TJOARMAN, SBN 285995
STILLWELL LAW OFFICE, P.C.
384 Forest Avenue, Suite 23b
Laguna Beach, CA 92651
Telephone: (949) 494-4744
Facsimile: (949) 494-4734

Attorneys for PLAINTIFF ROBERT BROWN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

## CENTRAL COURTHOUSE

| | |
|---|---|
| ROBERT BROWN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO STATE UNIVERSITY FOUNDATION, a California non-profit corporation, the BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, an unknown entity, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 37-2013-00060498-CU-OE-CTL<br><br>**COMPLAINT FOR DAMAGES**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Robert Brown ("Plaintiff") alleges for claims against Defendant San Diego State University Foundation ("SDSUF," "the Foundation," or "SDSURF"), Defendant Board of Trustees of the California State University (collectively, "Defendants"), and Does 1 through 100, inclusive, as follows:

### THE PARTIES

1.     Plaintiff is informed, believes, and thereon alleges that Defendant San Diego State University Foundation is a California non-profit corporation, which conducts business in the State of California, County of San Diego, where Plaintiff reported for work and where the events alleged in this Complaint occurred.

2.     Plaintiff is informed, believes, and thereon alleges that Defendant Board of Trustees of

1  the California State University is an unknown entity which conducts business in the State of

2  California.

3      3.      Defendants DOES 1 through 100 are Defendants whose identities are currently

4  unknown to Plaintiff but who are responsible, in whole or part, for the damages suffered by Plaintiff,

5  who alleges on information and belief that Does 1 through 100 acted jointly with the other named

6  Defendants and are jointly and severally liable for the damages asserted herein.  Plaintiff will amend

7  this Complaint to insert the true names of the fictitiously named Doe Defendants when he learns of

8  the same.

9      4.      Plaintiff is an individual residing in the State of California, County of San Diego.

10                          **GENERAL ALLEGATIONS**

11     5.      SDSURF hired Plaintiff Robert Brown in or around November 2002 to serve as Risk

12  Manager.  In 2009, he was promoted to the dual position of Director of Human Resources and Risk

13  Management.  Plaintiff is 62 years old, African American, and male.

14     6.      As a 501(c)(3), nonprofit auxiliary organization within the Cal State University

15  system, which receives preferential tax treatment, grants and funds from the federal government,

16  Defendants SDSURF is a nonexempt federal government contractor subject to compliance with

17  federal laws and regulations, including, but not limited to, periodic compliance reviews and audits by

18  the United States Department of Labor, Office of Federal Contract Compliance Programs

19  ("OFCCP").

20     7.      After one such compliance review by the OFCCP, Plaintiff as Director of Human

21  Resources and Risk Management, and his direct report, David Arambula, an Employee Relations

22  Specialist, made recommendations to the Foundation leadership to correct issues of concern raised by

23  the compliance review.  Plaintiff and Mr. Arambula presented Foundation management with an

24  "Audit Checklist" and report of problems areas in the Foundation's employment practices discovered

25  during the OFCCP compliance review and OFCCP audit in 2010 through 2011.  The compliance

26  review found pay discrimination against minority employees.  The OFCCP cited SDSURF with

27  violations on May 10, 2011, and required it to enter into a conciliation agreement for affected class

28  members, which SDSURF signed on June 15, 2011.

**COMPLAINT**                                                    EXH. A - 2

8.      Sometime after that, Mr. Arambula raised concerns to Foundation management that SDSURF may have violated the conciliation agreement when it subsequently approved salary increases that disproportionately favored non-minorities.  Defendants then falsely accused Mr. Arambula of unprofessional and aggressive behavior and terminated his employment.  Plaintiff was asked to provide a false statement supporting the Foundation's version of the events leading up to Mr. Arambula's termination.  Plaintiff refused and demoted to his former position as a result.  Plaintiff supported Mr. Arambula's version of the events and reported that Executive Director Dan Gilbreath's conduct was egregious and inappropriate.

9.      Executive Director Dan Gilbreath suspended Plaintiff until further notice.  Plaintiff had been suffering from long-term knee and other medical issues which Mr. Gilbreath and other management team members knew about.  Mr. Gilbreath used Plaintiff's known actual or perceived disability to intimidate, harass, and retaliate against Plaintiff for supporting Mr. Arambula and refusing to provide a false report by suspending him without pay.  Seeing no other option but to either 1) accept an unpaid, indefinite suspension with no guarantees of returning to his job and possible termination, or 2) be placed on paid, protected FMLA/CFRA medical leave based on Plaintiff's disability, Plaintiff was forced to go with the latter option.

10.      Fearful of losing his job, Plaintiff was forced and reluctantly agreed to be placed on protected FMLA/CFRA medical leave.  However, approximately one week prior to the expiration of his FMLA/CFRA leave, the Foundation posted a vacancy announcement for Plaintiff's position as Human Resources Director.  Defendants also proceeded to deny Plaintiff access to his work email, change the locks to his office, shred documents from his office, and removed files, documents, and equipment from his office, indicating an intent not to return Plaintiff to his position, in violation of his FMLA/CFRA rights.

11.      While out on leave, Plaintiff filed a complaint against Defendants with the OFCCP, alleging that Defendants engaged in retaliation and discrimination against Plaintiff based on his race and disability and/or for participating in protected EEO activity.

12.      Also while out on leave, Plaintiff underwent reconstructive surgery for his knee.  To recuperate, Plaintiff requested additional leave.  During this medical leave, Defendants posted a

3

vacancy announcement for Plaintiff's position as Risk Manager, despite falsely reassuring Plaintiff that it had no plans to terminate him and would retain him in the position of Risk Manager.

13.    Defendants subsequently hired a non-minority, who was much less qualified than Plaintiff, to replace him as Human Resources Director while Plaintiff was still on medical leave and paid Plaintiff's replacement 77% more than what Plaintiff was paid to perform only half of Plaintiff's job.

14.    The OFCCP launched an investigation into Plaintiff's complaint and found evidence to substantiate his claims. Among other findings, the OFCCP found that Defendants subjected Plaintiff to disciplinary action in retaliation for raising issues revealed by the OFCCP compliance review and for raising concerns that SDSURF may be in violation of its conciliation agreement with the OFCCP. The OFCCP also found that Defendants subjected Plaintiff to further intimidation and harassment and suspended Plaintiff for refusing to provide a false report. The OFCCP's investigation revealed wage differentials between minorities and non-minorities, with significantly less compensation being paid to minorities and female workers, in violation of SDSURF's conciliation agreement with the OFCCP. Finally, the OFCCP found that based on the above, as well as other conduct, Defendants had discriminated, harassed and retaliated against Plaintiff based on his race or disability and/or for participating in protected activity by paying him unequal wages and unjustifiably disciplining him in the form of suspension and demotion.

15.    Based on the OFCCP's report, Defendants offered Plaintiff a settlement. Plaintiff was harassed, intimidated and coerced into signing the agreement and signed it under duress, undue influence, and false pretenses by his former attorney and while experiencing psychiatric symptoms due to his medication, extreme stress, overwhelming anxiety, depression, panic and confusion, rendering him without capacity to understand what he was signing. Plaintiff timely rescinded the agreement for the above reasons pursuant to the agreement's seven-day provision period for revoking the contract. In his notice of rescission, Plaintiff stated that he was not dismissing his OFCCP complaint.

16.    Meanwhile, as a result of the Defendants' wrongful and retaliatory conduct, Plaintiff's medical condition had deteriorated and he requested additional leave due to his disability. Plaintiff's

**COMPLAINT**                                                                EXH. A - 4

doctor ordered Plaintiff not to return to work until a certain time.

17.    In retaliation for Plaintiff rescinding the settlement and not withdrawing his complaint with the OFCCP, Defendants threatened to deny his request for reasonable accommodation. Defendants followed through on its threat and refused to reasonably accommodate Plaintiff's disability, denying his request to extend his medical leave.  Defendants demanded that Plaintiff report to work against his doctor's orders or else face termination.  Despite not being fully recovered to return to work, Plaintiff was willing to show up to work and meet with management since his job was on the line.  The night before he was to go in, however, Plaintiff received a call from Defendants' counsel insisting that Plaintiff did not have to report to work the following day and that Defendants was not going to terminate his employment, putting his suspension on hold and promising to withhold any formal action until he could discuss his situation with his doctors.

18.    Despite its promise, two weeks before Plaintiff's return-to-work date as cleared by his doctor, Defendants sent Plaintiff a final letter claiming that Plaintiff's approved leave had expired and that it was terminating his employment under the false pretense that Plaintiff had voluntarily resigned.  Defendants terminated Plaintiff's employment, in whole or in part, based on his race, disability, and/or age, and/or in retaliation for refusing to submit a false report, participating and cooperating in a federal investigation, filing a complaint with a government agency, refusing to withdraw his OFCCP complaint, raising workplace concerns related to pay disparities among minorities, requesting reasonable accommodations for his disability and medical leave, exercising his right to FMLA/CFRA leave, and for making complaints about what he reasonably and in good faith perceived to be harassing, retaliatory, and discriminatory treatment by Defendant.

19.    Notably, Defendants had never issued Plaintiff any warnings, verbal or written, before suspending and terminating him, contrary to the Foundation's system of progressive discipline contained in its termination policy.  Plaintiff has no prior history of disciplinary problems or actions of any kind.

20.    Plaintiff was the only minority department director and the lowest paid of all Foundation Central Staff executive level managers, in spite of his experience, education level, and 9.7 years' seniority.  Plaintiff was paid significantly less than both his predecessor and successor

1 when considering their respective duties and responsibilities, as both only performed half of

2 Plaintiff's job functions.

3      21.    Plaintiff has timely exhausted his administrative remedies under the California Fair

4 Employment and Housing Act by filing a complaint thereunder and receiving his Right to Sue

5 Notice, dated July 25, 2013.

# FIRST CAUSE OF ACTION

## RACE DISCRIMINATION

## IN VIOLATION OF THE FEHA

## AGAINST DEFENDANTS

10     22.    Plaintiff hereby incorporates paragraphs 1 through 21, above, as though fully set forth

11 herein.

12     23.    Plaintiff is informed, believes, and thereon alleges that he was the only minority

13 department director and the lowest paid of all Foundation Central Staff executive level managers, in

14 spite of his experience, education level, and 9.7 years' seniority.  Both his predecessor and successor,

15 both non-minorities, were paid significantly more than Plaintiff for performing only half of Plaintiff's

16 job functions.  Plaintiff's replacement, who was much less qualified than Plaintiff, was paid 77%

17 more than Plaintiff to perform only half of Plaintiff's job.  Plaintiff is informed, believes, and thereon

18 alleges that Defendants participated in a discriminatory course of conduct directed against Plaintiff in

19 his employment, in whole or in part, because of his race.

20     24.    Defendants' discriminatory course of conduct consisted, among other things, of

21 paying Plaintiff a salary significantly less than other employees of comparable positions, experience,

22 education and seniority; hiring a non-minority who was significantly less qualified than Plaintiff to

23 permanently replace Plaintiff as Human Resources Director prior to the expiration of Plaintiff's

24 medical leave; posting job vacancy announcements for both his positions as Human Resources

25 Director and Risk Manager prior to the expiration of his protected leave; demoting and suspending

26 him for supporting a minority coworker and raising concerns about pay disparities among minorities,

27 including himself; forcing Plaintiff to go out on FMLA/CFRA leave and threatening to suspend and

28 terminate him after he supported a minority coworker; and of terminating his employment, acts which

were motivated, in whole or in part, by a discriminatory animus toward Plaintiff because of his race, in violation of California Fair Employment and Housing Act ("the FEHA"), California Government Code Section 12940, et seq.

25.    Plaintiff has exhausted his administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving his right to sue notice.

26.    Plaintiff has suffered damages from Defendants' discriminatory suspension, demotion, failure to provide Plaintiff equal pay, and subsequent termination of his employment, including lost wages for prior years due to wage differentials between Plaintiff and employees in comparable positions, experience, education and seniority, lost past and future wages and benefits, emotional distress, and other general damages.  The exact amount of said damages is unknown, but will be proven at trial.  Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and costs under the FEHA.  Cal. Gov't Code § 12965(b).

27.    Defendants' discriminatory termination of Plaintiff's employment was fraudulent, malicious, and/or oppressive.  Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

**SECOND CAUSE OF ACTION**

**RACE DISCRIMINATION**

**IN VIOLATION OF 42 U.S.C. § 1981**

**AGAINST DEFENDANTS**

28.    Plaintiff hereby incorporates paragraphs 1 through 27, above, as though fully set forth herein.

29.    Plaintiff is informed, believes, and thereon alleges that he was the only minority department director and the lowest paid of all Foundation Central Staff executive level managers, in spite of his experience, education level, and 9.7 years' seniority.  Both his predecessor and successor, both non-minorities, were paid significantly more than Plaintiff for performing only half of Plaintiff's job functions.  Plaintiff's replacement, who was much less qualified than Plaintiff, was paid 77% more than Plaintiff to perform only half of Plaintiff's job.  Plaintiff is informed, believes, and thereon

7

**COMPLAINT**

alleges that Defendants participated in a discriminatory course of conduct directed against Plaintiff in his employment, in whole or in part, because of his race.

30.     Defendants' discriminatory course of conduct consisted, among other things, of paying Plaintiff a salary significantly less than other employees of comparable positions, experience, education and seniority; hiring a non-minority who was significantly less qualified than Plaintiff to permanently fill Plaintiff's Human Resources Director position prior to the expiration of Plaintiff's medical leave; posting job vacancy announcements for both his positions as Human Resources Director and Risk Manager prior to the expiration of his protected leave; demoting and suspending him for supporting a minority coworker and raising concerns about pay disparities among minorities, including himself; forcing Plaintiff to go out on FMLA/CFRA leave and threatening to suspend and terminate him after he supported a minority coworker; and of terminating his employment, acts which were motivated, in whole or in part, by a discriminatory animus toward Plaintiff because of his race, contrary to the conciliation agreement, and Plaintiff's other employment contracts with Defendants, in violation of 42 U.S.C. § 1981.

31.     Plaintiff has suffered damages from Defendants' discriminatory suspension, demotion, failure to provide Plaintiff equal pay, and subsequent termination of his employment, including lost wages for prior years due to wage differentials between Plaintiff and employees in comparable positions, experience, education and seniority, lost past and future wages and benefits, emotional distress, and other general damages.  The exact amount of said damages is unknown, but will be proven at trial.  Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and costs.

32.     Defendants' discriminatory termination of Plaintiff's employment was fraudulent, malicious, and/or oppressive.  Accordingly, Plaintiff seeks and will be entitled to punitive damages.

**THIRD CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

**IN VIOLATION OF THE FEHA**

**AGAINST DEFENDANTS**

33.     Plaintiff hereby incorporates paragraphs 1 through 32, above, as though fully set forth

8

**COMPLAINT**

herein.

34.     During his employment with Defendants, Plaintiff suffered from actual or perceived physical or mental disabilities, protected under the FEHA, in the form of severe depression, stress, anxiety, panic attacks, other psychiatric symptoms, and disability related to his long-term knee problems, including, but not limited to, his total knee replacement surgery and reconstructive knee surgery. Cal. Gov't Code § 12926(k); Cal. Code Regs. tit. 2, § 7293.6. Plaintiff is informed, believes, and thereon alleges that Defendants participated in a discriminatory course of conduct directed against Plaintiff in his employment, in whole or in part, because of his actual or perceived disabilities.

35.     Defendants' discriminatory course of conduct consisted, among other things, of forcing Plaintiff to go out on FMLA/CFRA leave against his objection based on his actual or perceived disabilities; paying Plaintiff a salary significantly less than other employees of comparable positions, experience, education and seniority; hiring a non-disabled person who was significantly less qualified than Plaintiff to permanently fill Plaintiff's position as Human Resources Director prior to the expiration of his medical leave; posting job vacancy announcements for both his positions as Human Resources Director and Risk Manager prior to the expiration of his protected leave; suspending and demoting Plaintiff; refusing to reasonably accommodate Plaintiff's disability; denying his requests for extension of leave related to his disability; aggravating Plaintiff's disability; threatening to deny Plaintiff reasonable accommodation if he did not sign the settlement agreement; demanding Plaintiff return to work against his doctor's orders; threatening to suspend or terminate Plaintiff for requesting additional leave related to his disability; and of terminating his employment, acts which were motivated, in whole or in part, by a discriminatory animus toward Plaintiff because of his actual or perceived physical or mental disability, in violation of the FEHA, California Government Code Section 12940, et seq.

36.     Plaintiff has exhausted his administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving his right to sue notice.

37.     Plaintiff has suffered damages from Defendants' discriminatory suspension, demotion,

failure to provide Plaintiff equal pay, and subsequent termination of his employment, including lost

wages for prior years due to wage differentials between Plaintiff and employees in comparable

positions, experience, education and seniority, lost past and future wages and benefits, emotional

distress, and other general damages. The exact amount of said damages is unknown, but will be

proven at trial. Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and

costs under the FEHA. Cal. Gov't Code § 12965(b).

38.     Defendants' discriminatory termination of Plaintiff's employment was fraudulent,

malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages

under California Government Code Section 3294.

## FOURTH CAUSE OF ACTION

## AGE DISCRIMINATION

## IN VIOLATION OF THE FEHA

## AGAINST DEFENDANTS

39.     Plaintiff hereby incorporates paragraphs 1 through 38, above, as though fully set forth

herein.

40.     Plaintiff is informed, believes, and thereon alleges that, at age sixty-two, he was one of

the oldest employees working for Defendants at its Central office at all relevant times. Plaintiff is

informed, believes, and thereon alleges that Defendants participated in a discriminatory course of

conduct directed against Plaintiff in his employment, in whole or in part, because of his age.

41.     Defendants' discriminatory course of conduct consisted, among other things, of

paying Plaintiff a salary significantly less than other employees of comparable positions, experience,

education and seniority; hiring a significantly younger person who was much less qualified than

Plaintiff to permanently fill Plaintiff's position as Human Resources Director prior to the expiration

of his medical leave; posting job vacancy announcements for both his positions as Human Resources

Director and Risk Manager prior to the expiration of his protected leave; suspending and demoting

Plaintiff; and of terminating his employment, acts which were motivated, in whole or in part, by a

discriminatory animus toward Plaintiff because of his advanced age, in violation of the FEHA,

California Government Code Section 12940, et seq.

42.     Plaintiff has exhausted his administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving his right to sue notice.

43.     Plaintiff has suffered damages from Defendants' discriminatory suspension, demotion, failure to provide Plaintiff equal pay, and subsequent termination of his employment, including lost wages for prior years due to wage differentials between Plaintiff and employees in comparable positions, experience, education and seniority, lost past and future wages and benefits, emotional distress, and other general damages.  The exact amount of said damages is unknown, but will be proven at trial.  Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and costs under the FEHA.  Cal. Gov't Code § 12965(b).

44.     Defendants' discriminatory termination of Plaintiff's employment was fraudulent, malicious, and/or oppressive.  Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

**FIFTH CAUSE OF ACTION**

**FAILURE TO REASONABLY ACCOMMODATE PLAINTIFF'S DISABLITY**

**IN VIOLATION OF THE FEHA**

**AGAINST DEFENDANTS**

45.     Plaintiff hereby incorporates paragraphs 1 through 44, above, as though fully set forth herein.

46.     During his employment with Defendants, Plaintiff suffered from actual or perceived physical or mental disabilities, protected under the FEHA, in the form of severe depression, stress, anxiety, panic attacks, other psychiatric symptoms, and disability related to his long-term knee problems, including, but not limited to, his total knee replacement surgery and reconstructive knee surgery.  Cal. Gov't Code § 12926(k); Cal. Code Regs. tit. 2, § 7293.6.  Defendants refused to reasonably accommodate Plaintiff's actual or perceived disabilities, in violation of the FEHA.  Cal. Gov't Code § 12940(m); Cal. Code Regs. tit. 2, § 7293.9.  Among other things, Defendants denied Plaintiff additional leave related to his disabilities, demanded that Plaintiff return to work against his doctor's orders, suspended him, and terminated his employment.

11

**COMPLAINT**

47.     Plaintiff has exhausted his administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving his right to sue notice.

48.     Plaintiff has suffered damages from Defendants' failure to reasonably accommodate his disability, including lost past and future wages and benefits, emotional distress, and other general damages.  The exact amount of said damages is unknown, but will be proven at trial.  Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and costs under the FEHA.  Cal. Gov't Code § 12965(b).

49.     Defendants' failure to reasonably accommodate Plaintiff's disability was fraudulent, malicious, and/or oppressive.  Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

**SIXTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

**IN VIOLATION OF THE FEHA**

**AGAINST DEFENDANTS**

50.     Plaintiff hereby incorporates paragraphs 1 through 49, above, as though fully set forth herein.

51.     During his employment with Defendants, Plaintiff suffered from actual or perceived physical or mental disabilities, protected under the FEHA, in the form of severe depression, stress, anxiety, panic attacks, other psychiatric symptoms, and disability related to his long-term knee problems, including, but not limited to, his total knee replacement surgery and reconstructive knee surgery.  Cal. Gov't Code § 12926(k); Cal. Code Regs. tit. 2, § 7293.6.  Defendants used Plaintiff's known actual or perceived disabilities to force Plaintiff be placed on FMLA/CFRA medical leave against his objection and without discussion.  Plaintiff requested reasonable accommodations for his disabilities, but Defendants failed to engage in a timely, good faith interactive process with Plaintiff to determine effective reasonable accommodations, in violation of the FEHA.  Cal. Gov't Code § 12940(n).  Instead, Defendants posted job vacancy announcements for Plaintiff's positions, failed to discuss or consider any possible accommodations, failed to provide reasonable accommodations, and

12

1   suspended and terminated him.

2        52.    Plaintiff has exhausted his administrative remedies under the California Government

3   Code by filing a complaint with the California Department of Fair Employment and Housing and

4   receiving his right to sue notice.

5        53.    Plaintiff has suffered damages from Defendants' failure to engage in the interactive

6   process in a timely, good faith manner, including lost past and future wages and benefits, emotional

7   distress, and other general damages.  The exact amount of said damages is unknown, but will be

8   proven at trial.  Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and

9   costs under the FEHA.  Cal. Gov't Code § 12965(b).

10       54.    Defendants' conduct was fraudulent, malicious, and/or oppressive.  Accordingly,

11   Plaintiff seeks and will be entitled to punitive damages under California Government Code Section

12   3294.

13               **SEVENTH CAUSE OF ACTION**

14                   **HARASSMENT**

15             **IN VIOLATION OF THE FEHA**

16              **AGAINST DEFENDANTS**

17        55.    Plaintiff hereby incorporates paragraphs 1 through 54, above, as though fully set forth

18   herein.

19        56.    Defendants' actions, as described above, constituted harassment on the basis of race,

20   age, and/or his disability and/or for engaging in protected activity, in violation of the FEHA and

21   California Government Code Section 12940(j)(1).  Defendants' campaign of harassment against

22   Plaintiff, included, among other things, paying Plaintiff a salary significantly less than other

23   employees of comparable positions, experience, education and seniority; hiring a younger, non-

24   disabled, non-minority employee who was significantly less qualified than Plaintiff to permanently

25   replace Plaintiff as Human Resources Director prior to the expiration of Plaintiff's medical leave;

26   posting job vacancy announcements for both his positions as Human Resources Director and Risk

27   Manager prior to the expiration of his protected leave; demoting and suspending him; forcing

28   Plaintiff to go out on FMLA/CFRA leave; using Plaintiff's known actual or perceived disability to

intimidate and harass him; refusing to reasonably accommodate Plaintiff's disability; denying his requests for extension of leave related to his disability; denying him access to his emails; removing files, documents, and equipment from his office; changing the locks in his office; shredding documents from his office; aggravating Plaintiff's disability; threatening to deny Plaintiff reasonable accommodation if he did not sign the settlement agreement; demanding Plaintiff return to work against his doctor's orders; intimidating and coercing Plaintiff into signing the settlement agreement; subjecting Plaintiff to duress and undue influence; causing Plaintiff to be under extreme stress and anxiety; making false pretenses to Plaintiff; threatening to suspend or terminate Plaintiff for requesting additional leave related to his disability; and of terminating his employment. Said harassment was severe and pervasive and created a hostile, intimidating work environment, in violation of the FEHA and California Government Code Section 12940(j)(1). Defendants also harassed and intimidated Plaintiff after he participated in protected activity, including, but not limited to, refusing to submit a false report against a minority employee, requesting reasonable accommodation for his disabilities, exercising his right to FMLA/CFRA leave, making complaints about what he reasonably and in good faith perceived to be harassing, retaliatory, and discriminatory treatment by Defendants, supporting a minority coworker, and raising concerns about pay disparities among minorities, including himself.

57.    Plaintiff has exhausted his administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving his right to sue notice.

58.    Plaintiff has suffered damages from Defendants' harassing treatment of him, including lost wages for prior years due to wage differentials between Plaintiff and employees in comparable positions, experience, education and seniority, lost past and future wages and benefits, emotional distress, and other general damages. The exact amount of said damages is unknown, but will be proven at trial. Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and costs under the FEHA. Cal. Gov't Code § 12965(b).

59.    Defendants' harassment of Plaintiff was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government

Code Section 3294.

## EIGHTH CAUSE OF ACTION

## RETALIATION

## IN VIOLATION OF THE FEHA

## AGAINST DEFENDANTS

60.     Plaintiff hereby incorporates paragraphs 1 through 59, above, as though fully set forth herein.

61.     Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully retaliated against him for engaging in protected activity, including, but not limited to, raising concerns regarding potential noncompliance with an OFCCP conciliation agreement regarding minorities, refusing to submit a false report against a minority employee, requesting reasonable accommodation for his disabilities, refusing to withdraw his OFCCP complaint, exercising his right to FMLA/CFRA leave, supporting a minority coworker, raising concerns about pay disparities among minorities, including himself, and for making complaints about what he reasonably and in good faith perceived to be harassing, retaliatory, and discriminatory treatment by Defendant.

62.     Defendants' retaliatory treatment of Plaintiff for the aforementioned complaints violated the FEHA and California Government Code section 12940(h).

63.     Plaintiff has exhausted his administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving his right to sue notice.

64.     Plaintiff has suffered damages from Defendants' retaliation, including lost past and future wages and benefits, emotional distress, and other general damages.  The exact amount of said damages is unknown, but will be proven at trial.  Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and costs under the FEHA.  Cal. Gov't Code § 12965(b).

65.     Additionally, Defendants' conduct was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

**NINTH CAUSE OF ACTION**

**RETALIATION**

**IN VIOLATION OF 42 U.S.C. § 1981**

**AGAINST DEFENDANTS**

66.    Plaintiff hereby incorporates paragraphs 1 through 65, above, as though fully set forth herein.

67.    Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully and unfairly punished him in retaliation for raising concerns about pay disparities among minorities, including himself, and other unequal and discriminatory treatment by Defendants, in violation of the conciliation agreement, and Plaintiff's other employment contracts with Defendant.  Plaintiff sought to enforce the provisions of the conciliation agreement, as well as other agreements arising from Plaintiff's employment with Defendants, and was retaliated against.

68.    Defendants' retaliatory treatment of Plaintiff for the seeking to enforce the provisions of the conciliation agreement and other contracts, as well as for raising concerns about unequal pay and other unfair and discriminatory treatment, violated 42 U.S.C. § 1981.

69.    Plaintiff has suffered damages from Defendants' retaliation and unequal treatment, including lost wages for prior years due to wage differentials between Plaintiff and employees in comparable positions, experience, education and seniority, lost past and future wages and benefits, emotional distress, and other general damages.  The exact amount of said damages is unknown, but will be proven at trial.  Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and costs.

70.    Additionally, Defendants' conduct was fraudulent, malicious, and/or oppressive.  Accordingly, Plaintiff seeks and will be entitled to punitive damages.

**TENTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR**

**RETALIATION**

**IN VIOLATION OF THE FEHA**

**AGAINST DEFENDANTS**

16

71.    Plaintiff hereby incorporates paragraphs 1 through 70, above, as though fully set forth herein.

72.    Throughout his employment with Defendants, Plaintiff communicated the discriminatory, harassing, and retaliatory treatment he received from the Foundation both internally to the Foundation and externally to the OFCCP. Defendants failed to prevent said treatment from occurring, in violation of California Government Code section 12940.

73.    Even after Plaintiff filed his complaint with the OFCCP and even after the Foundation was cited for violations and entered into a conciliation agreement, Defendants have failed and refused to prevent further discrimination, harassment, and retaliation in violation of the conciliation agreement and California Government Code section 12940.

74.    Plaintiff has exhausted his administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving his right to sue notice.

75.    Plaintiff has suffered damages from Defendants' discriminatory, harassing, and retaliatory treatment of him. The exact amount of said damages is unknown, but will be proven at trial. Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and costs under the FEHA. Cal. Gov't Code § 12965(b).

76.    Defendants' conduct was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

## ELEVENTH CAUSE OF ACTION

## RETALIATION

## IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5

## AGAINST DEFENDANTS

77.    Plaintiff hereby incorporates paragraphs 1 through 76, above, as though fully set forth herein.

78.    Plaintiff's termination was in violation of California Labor Code § 1102.5(b) which provides that "an employer may not retaliate against an employee for disclosing information to a

17
**COMPLAINT**

government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of noncompliance with a state or federal rule or regulation."

79. Defendants further violated California Labor Code § 1102.5(c) by terminating him "for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."

80. Plaintiff has suffered damages from Defendants' wrongful termination of his employment, including lost past and future wages and benefits, emotional distress and other general damages. The exact amount of said damages is unknown, but will be proven at trial.

81. Defendants' retaliatory termination of Plaintiff's employment was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages.

### TWELFTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### AGAINST DEFENDANTS

82. Plaintiff hereby incorporates paragraphs 1 through 81, above, as though fully set forth herein.

83. After Plaintiff became aware of issues revealed by the OFCCP compliance review and possible violations of the conciliation agreement, as well as other unlawful activity, including, but not limited to, pay disparities among minorities, Plaintiff voiced his concerns and objections to such fraudulent, illegal, and unethical conduct to the Foundation. Ignoring Plaintiff's concerns, Defendants continued to discriminate against minority employees, including himself. Plaintiff also reported unlawful activity in the workplace to the OFCCP, filed a complaint with the OFCCP, participated and cooperated in a federal investigation, refused to submit false statements, requested reasonable accommodations, exercised his FMLA/CFRA rights, refused to withdraw his OFCCP complaint, raised unethical, illegal, and unsafe workplace practices to the Foundation, and made complaints about what he reasonably and in good faith perceived to be harassing, retaliatory, and discriminatory treatment by Defendants to the Foundation and the OFCCP.

84. Plaintiff is informed, believes, and thereon alleges that Defendants terminated him, in

1  whole or in part, because of his objections to Defendants' fraudulent, illegal, and unethical practices,

2  his refusal to submit a false report as ordered by Defendants, and his reports regarding the same to the

3  OFCCP.  Plaintiff is also informed, believes, and thereon alleges that Defendants terminated him, in

4  whole or in part, because of his race, disability, and/or age, and/or in retaliation for participating in

5  the aforementioned protected activities.

6        85.    Plaintiff's termination violated, among other things, the substantial and fundamental

7  public policies of reporting violations of law or statutes of public importance, internally reporting

8  "illegal, unethical, or unsafe practices" in the workplace, and refusing to violate a law or statute, such

9  as the various statutes prohibiting fraud or fraudulent business practices, including, but not limited to,

10  California Civil Code § 1709, Business and Professions Code § 17200, and Penal Code § 484,

11  articulated in cases such as Green v. Ralee Engineering Co. (1998) 19 Cal.4th 66, 71, Stevenson v.

12  Superior Court (1997) 16 Cal.4th 880, 889, Casella v. SouthWest Dealer Services, Inc. (2007) 157

13  Cal.App.4th 1127, 1143, and Haney v. Aramark Uniform Services, Inc. (2004) 121 Cal.App.4th 623,

14  642, 643.  Plaintiff's termination also violated, among other things, the substantial and fundamental

15  public policies embodied in the FEHA, the FMLA/CFRA, and 42 U.S.C. § 1981.

16        86.    Plaintiff has suffered damages from Defendants' wrongful termination of his

17  employment, including lost past and future wages and benefits, emotional distress, and other general

18  damages.  The exact amount of said damages is unknown, but will be proven at trial.

19        87.    Defendants' retaliatory termination of Plaintiff's employment was fraudulent,

20  malicious, and/or oppressive.  Accordingly, Plaintiff seeks and will be entitled to punitive damages

21  under California Government Code Section 3294.

**THIRTEENTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**AGAINST DEFENDANTS**

25        88.    Plaintiff hereby incorporates paragraphs 1 through 87, above, as though fully set forth

26  herein.

27        89.    Defendants' conduct, as described above, was extreme and outrageous, and

28  Defendants engaged in said conduct with intent to cause Plaintiff severe emotional distress or with

19

**COMPLAINT**

reckless disregard for consequently causing Plaintiff severe emotional distress. As a result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer severe emotional distress.

90.    Accordingly, Plaintiff will be entitled to recover compensatory damages for his severe emotional distress, shock, mental anguish, and apprehension, as well as any loss of earnings or earning capacity that results therefrom.

91.    Defendants' conduct was fraudulent, malicious, and/or oppressive. Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

**FOURTEENTH CAUSE OF ACTION**

**INTERFERENCE WITH FMLA/CFRA RIGHTS**

**AGAINST DEFENDANTS**

92.    Plaintiff hereby incorporates paragraphs 1 through 91, above, as though fully set forth herein.

93.    Plaintiff exercised his FMLA/CFRA rights and went on FMLA/CFRA leave. One week prior to the expiration of his FMLA/CFRA leave, Defendants posted a job vacancy announcement for Plaintiff's position as Human Resources Director, indicating an intent not to return Plaintiff to his position. Plaintiff was demoted, and the position was later filled by someone else prior to Plaintiff's return from medical leave. Defendants' conduct violated and interfered with Plaintiff's exercise of his FMLA/CFRA rights. Defendants also suspended Plaintiff and ultimately terminated his employment.

94.    Employers are prohibited from retaliating against an employee who has taken leave for a serious health condition protected by the CFRA. Gov. Code, § 12945.2(l).

95.    Plaintiff is informed, believes, and thereon alleges that his FMLA/CFRA leave was a motivating factor in the Foundation's decision to demote and suspend him and terminate his employment.

96.    The Foundation also interfered with Plaintiff's right to reinstatement under the FMLA/CFRA by posting a job vacancy announcement for his position before his FMLA/CFRA leave

20

expired, filling his position with someone else, and demoting him to a different position prior to the expiration of his protected leave.  Under the FMLA/CFRA, an equivalent position must be virtually identical to the prior position in terms of pay, benefits, and working conditions, consisting of the same shift and located at the same worksite or a nearby worksite that does not require a significantly further commute.  The position offered to Plaintiff was not comparable; it involved only half of the functions Plaintiff performed previously and was a demotion to a prior position from which he was promoted.

97.    Plaintiff has exhausted his administrative remedies under the California Government Code by filing a complaint with the California Department of Fair Employment and Housing and receiving his right to sue notice.

98.    Plaintiff has suffered damages from Defendants' violation of the FMLA/CFRA, including damages for lost wages and benefits, emotional distress, and other general damages.  The exact amount of said damages is unknown, but will be proven at trial.  Plaintiff will also seek and be entitled to recover his attorneys' fees, expert fees, and costs under the FEHA.  Cal. Gov't Code § 12965(b).

99.    Defendants' conduct was fraudulent, malicious, and/or oppressive.  Accordingly, Plaintiff seeks and will be entitled to punitive damages under California Government Code Section 3294.

WHEREFORE, Plaintiff prays:

1.      For general damages according to proof;

2.      For special damages according to proof;

3.      For past and future lost wages, compensation, and benefits;

4.      For lost wages due to discriminatory pay disparities;

5.      For emotional distress damages;

6.      For unpaid wages;

7.      For interest;

8.      For attorneys' fees;

9.    For costs of suit;

10.   For civil and statutory penalties;

11.   For punitive damages; and

12.   For such other and further relief as may be appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims in his Complaint.


DATED: July 31, 2013                    STILLWELL LAW OFFICE, P.C.
                                        GENIENE B. STILLWELL, SBN 138323
                                        FREDA TJOARMAN, SBN 285995


                                        By: _____
                                               Geniene B. Stillwell

                                        Attorney for PLAINTIFF ROBERT BROWN

# EXHIBIT B

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Geniene Stillwell, SBN 138323; Freda Tjoarman, SBN 285995
Stillwell Law Office, P.C.
384 Forest Avenue, Suite 23b
Laguna Beach, CA 92651
TELEPHONE NO.: 949-494-4744    FAX NO. 949-494-4734
ATTORNEY FOR *(Name):* Plaintiff Robert Brown

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/31/2013** at 10:55:25 AM

Clerk of the Superior Court
By Lee McAlister, Deputy Clerk

CASE NAME:
Brown v. San Diego State University Foundation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 37-2013-00060498-CU-OE-CTL |

JUDGE: Judge John S. Meyer
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [X] punitive
4. Number of causes of action *(specify):* 14
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 31, 2013

Geniene B. Stillwell
*(TYPE OR PRINT NAME)*    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

EXH. B - 23

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

Page 2 of 2

EXH. B - 24



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2013-00060498-CU-OE-CTL   CASE TITLE: Robert Brown vs San Diego State University Foundation [Imaged]

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
 (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
 (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>*and*</u>
 (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXH. B - 25

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

EXH. B - 26

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | | FOR COURT USE ONLY |
|---|---|---|
| STREET ADDRESS: | 330 West Broadway | |
| MAILING ADDRESS: | 330 West Broadway | |
| CITY, STATE, & ZIP CODE: | San Diego, CA 92101-3827 | |
| BRANCH NAME: | Central | |

PLAINTIFF(S):  Robert Brown

DEFENDANT(S): San Diego State University Foundation et.al.

SHORT TITLE:  ROBERT BROWN VS SAN DIEGO STATE UNIVERSITY FOUNDATION [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2013-00060498-CU-OE-CTL |
|---|---|

Judge  John S. Meyer                                                              Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                        Date: _____

_____        _____
Name of Plaintiff                                Name of Defendant

_____        _____
Signature                                        Signature

_____        _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____        _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  08/01/2013                               _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

EXH. B - 27

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:      330 W Broadway

MAILING ADDRESS:    330 W Broadway

CITY AND ZIP CODE:    San Diego, CA 92101-3827

BRANCH NAME:          Central

TELEPHONE NUMBER:  (619) 450-7061

PLAINTIFF(S) / PETITIONER(S):    Robert Brown

DEFENDANT(S) / RESPONDENT(S):  San Diego State University Foundation et.al.

ROBERT BROWN VS SAN DIEGO STATE UNIVERSITY FOUNDATION [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2013-00060498-CU-OE-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  John S. Meyer                                    Department:  C-61

COMPLAINT/PETITION FILED: 07/31/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/14/2014 | 10:00 am | C-61 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

EXH. B - 28

Superior Court of California
County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
## AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 010313 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2

EXH. B - 29

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS: 330 W Broadway<br>CITY AND ZIP CODE: San Diego CA 92101-3827<br>BRANCH NAME: Central | |

| Short Title: Robert Brown vs San Diego State University Foundation [Imaged] | |
|---|---|

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>37-2013-00060498-CU-OE-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Geniene Stillwell |
| On Behalf of: | Robert Brown |
| Transaction Number: | 134817 |
| Court Received Date: | 07/31/2013 |
| | |
| Filed Date: | 07/31/2013 |
| Filed Time: | 10:55 AM |
| | |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 37-2013-00060498-CU-OE-CTL |
| | |
| Case Title: | Robert Brown vs San Diego State University Foundation [Imaged] |
| Location: | Central |
| Case Type: | Other employment |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| Status | Documents Electronically Filed/Received |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

EXH. B - 30

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. 010313, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

Effective January 7, 2013, the court allowed subsequent documents to be filed electronically in predetermined non-mandated civil cases in the Central Division by the Soft Launch Authorized Project Participants.

**Effective March 4, 2013,** documents may be filed electronically in non-mandated civil cases in the Central Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 3, 2013 *and* has been imaged by the court.

## MANDATORY eFILING

The case types that shall be subject to mandatory efiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set forth in the Civil Cover Sheet, Judicial Council form CM-010 – but not including construction defect actions). "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and

Revised 6-21-13

EXH. B - 31

Securities Litigation cases, as well as insurance coverage claims arising from these case types. Construction defect cases, currently being filed through the LexisNexis website, will continue to be filed through that system until further notice.

For cases of the type subject to mandatory EFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory EFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned. The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile in a mandatory EFile case; however, they may EFile if they choose to do so and/or are otherwise ordered to EFile by the court.

## REQUIREMENTS FOR ALL eFILERS

EFile documents can only be filed through the court's Electronic Service Provider (the "Provider"). See www.onelegal.com.

EFilers must comply with CRC 2.250-2.261. Also, all documents electronically filed must be in a text searchable format, i.e., OCR.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving

Revised 6-21-13

papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document applies. See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department. A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

Revised 6-21-13

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court. Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING** The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO
- Transitional Housing Program Misconduct TRO/RO
- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

Page **4** of **5**

Revised 6-21-13

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)
- Exhibits to declarations that are real objects, i.e., construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Revised 6-21-13

EXH. B - 35

F I L E D
Clerk of the Superior Court

JAN 03 2013

By:  Amy Helfers

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

IN RE PROCEDURES REGARDING         )    GENERAL ORDER OF THE
ELECTRONIC FILING                  )    PRESIDING DEPARTMENT
                                   )    ORDER NO. 010313
                                   )

THIS COURT FINDS AND ORDERS AS FOLLOWS:

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files and, in Phase Two, allow remote electronic filing ("E-File" or "E-Filing") of papers in civil cases. The ultimate goal of the Program is to create a paperless or electronic file in all civil cases, as well as in other case categories.

Phase One of the Program, described in General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*, involved the court's scanning of papers in newly filed cases in designated divisions and departments (the "Imaging Project"). Phase Two of the Program is the implementation of electronic filing by counsel and parties through the court's E-File Service Provider.

Electronic filing under Phase Two of the Program will initially be limited to the Central Civil Division only. Probate and North County Civil Divisions of the Superior Court

are excluded from Phase Two of the Program. This General Order relates to Phase Two, and supplements General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

Permissive E-Filing will begin January 7, 2013 in predetermined non-mandated civil cases in the Central Division, and expand as resources permit. Beginning March 4, 2013, E-Filing will be mandatory in certain types of cases. Further information on these initiatives can be found on the court's website, at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30. In addition, the San Diego Superior Court's specific requirements for E-Filing are available on the court's website. Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

**GENERAL E-FILING REQUIREMENTS**

Documents can only be electronically filed through the court's electronic service provider (the "Provider"). E-File Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to have been filed on the next court day.

Pursuant to Government Code section 68150 and California Rules of Court, rule 2.504, electronic documents, whether imaged by the court or filed by the parties, are certified as official records of the court.

Additional and more specific information on electronic filing can be found on the court's website.

///
///
///

1    This Order shall expire on December 31, 2013 unless otherwise ordered by this

2    court.

3        IT IS SO ORDERED.

4    Dated: January 3, 2013

         *Robert Trentacosta*

         ROBERT J. TRENTACOSTA
         Presiding Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SAN DIEGO STATE UNIVERSITY FOUNDATION, a California non-profit corporation, the BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, an unknown entity, and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT BROWN

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/31/2013** at 10:55:25 AM

Clerk of the Superior Court
By Lee McAlister, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court, Hall of Justice
330 West Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2013-00080498-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Geniene B. Stillwell; Freda Tjoarman          Telephone No.: 949-494-4744
Stillwell Law Office, P.C. 384 Forest Avenue, Suite 23b, Laguna Beach, CA 92651    Fax No.: 949-494-4734

DATE: 08/01/2013          Clerk, by *L. McAlister*, Deputy
*(Fecha)*                 *(Secretario)*        L. McAlister      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* San Diego State University Foundation, a California nonprofit corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 8/27/13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Council Forms*

EXH. C - 39

EXHIBIT D

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/31/2013** at 10:55:25 AM

Clerk of the Superior Court
By Lee McAlister,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SAN DIEGO STATE UNIVERSITY FOUNDATION, a California non-profit corporation, the BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, an unknown entity, and DOES 1 through 100, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT BROWN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court, Hall of Justice<br>330 West Broadway, San Diego, CA 92101 | CASE NUMBER<br>*(Número del)* 37-2013-00060498-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Geniene B. Stillwell; Freda Tjoarman      Telephone No.: 949-494-4744
Stillwell Law Office, P.C. 384 Forest Avenue, Suite 23b, Laguna Beach, CA 92651      Fax No.: 949-494-4734

| DATE:<br>*(Fecha)* 08/01/2013 | Clerk, by<br>*(Secretario)* _____ *L. McAlister* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
*Superior Court of California County of San Diego*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: the Board of Trustees of the California State University, an unknown entity.
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☒ other *(specify)*: Business Organization Form Unknown
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

EXH. D - 40

# EXHIBIT E

RICHARD A. PAUL (SBN 057976)
ANGELA T. MULLINS (SBN 223737)
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants
SAN DIEGO STATE UNIVERSITY RESEARCH
FOUNDATION and BOARD OF TRUSTEES OF THE
CALIFORNIA STATE UNIVERISTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| ROBERT BROWN,<br><br>           Plaintiff,<br><br>       v.<br><br>SAN DIEGO STATE UNIVERSITY FOUNDATION, a California non-profit corporation; BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, an unknown entity; and DOES 1 through 100, inclusive<br><br>           Defendants. | CASE NO. 37-2013-00060498-CU-OE-CTL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**IMAGED FILE**<br><br>Dept:           C-61<br>Judge:        Hon. John S. Meyer<br>Complaint Filed:  July 31, 2013<br>Trial Date:     Not set<br><br>**BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY EXEMPT FROM FEES GOVT. CODE § 6103** |

      Defendants San Diego State University Research Foundation and the Board of Trustees for the California State University ('Defendants") answer Plaintiff Robert Brown's ("Plaintiff") Complaint as follows:

### GENERAL DENIAL

      Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny each and every material allegation of the Complaint and further deny that Plaintiff has been damaged in any manner or amount or at all as a result of any act or omission by Defendants.

### AFFIRMATIVE DEFENSES

      As separate affirmative defenses to Plaintiff's Complaint, Defendants allege the following:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Facts)**

The Complaint, and each cause of action, fails to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, Government Code sections 12960 and 12965, and Code of Civil Procedure sections 335.1 and 338.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to timely exhaust his administrative remedies as required by California Government Code section 12960.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff failed to take all reasonable steps to avoid or mitigate his alleged damages, which damages could have been avoided in whole or in part had Plaintiff taken such reasonable steps, and he is therefore barred in whole or in part from recovering monetary damages from Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

By reason of Plaintiff's conduct, he is barred under the doctrine of unclean hands from all forms of relief sought in his Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff, by his own acts and/or omissions, is estopped from recovering at all against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Barred)

Plaintiff's Complaint, and each cause of action therein, fails to state facts sufficient to support an award of punitive damages against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages Barred)

Plaintiff is barred from the recovery of punitive damages from Defendants under Government Code section 818.

## NINTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences/Waiver)

As a separate affirmative defense, and without admitting the allegations in the Complaint, Defendants allege that it took reasonable steps to prevent harassment, and that it had procedures and protective measures regarding the reporting of harassment, of which Plaintiff was aware, but failed to utilize.  Plaintiff's failure to utilize Defendants' procedures and protective measures prevents him from now recovering against Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

Plaintiff's damages are barred, in whole or in part, by the exclusive remedy of the California Workers' Compensation Act set forth in California Labor Code section 3600, et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

Plaintiff may have engaged in wrongdoing which, had Defendants known of during Plaintiff's employment, may have materially affected the terms and conditions of his employment or would have resulted in Plaintiff being demoted, disciplined or terminated.  As a result, this after-acquired evidence bars or reduces Plaintiff's claim on liability and/or damages as provided by law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory Reason)

Without conceding that Plaintiff suffered any adverse employment actions, Defendants allege that they had a legitimate, nondiscriminatory reason(s) for any adverse employment action towards Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Settlement and Release)

The matters alleged in this Complaint are encompassed within and barred by a settlement and release agreement reached by the Plaintiff and Defendants that operates as a merger and bar against any further litigation on matters raised, or potentially raised, in connection with the settlement and release. A true and correct copy of that agreement is attached hereto as Exhibit A.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

By reason of Plaintiff's conduct, he is barred under the doctrine of *laches* from all forms of relief sought in his Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Inability to Perform)

Without conceding that it has the burden to prove that Plaintiff was unable to perform the essential functions of his job, Defendants allege that Plaintiff's Complaint is barred, in whole or in part, because Plaintiff was unable to perform the essential functions of the position in question.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

Plaintiff's Complaint is barred, in whole or in part, because accommodating any alleged disability would have constituted an undue hardship as a matter of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it has additional, yet unknown, affirmative defenses. Defendants reserve the

1  right to assert additional affirmative defenses in the event discovery indicates it would be

2  appropriate.

**PRAYER**

4      WHEREFORE, Defendants pray for judgment as follows:

5      1.    That Plaintiff takes nothing by reason of his Complaint or any claims stated

6  therein;

7      2.    That Plaintiff's Complaint, and each cause of action contained therein, be

8  dismissed against Defendants with prejudice;

9      3.    That Defendants be awarded attorneys' fees and costs of suit incurred herein

10  pursuant to all applicable provisions of law; and

11      4.    For such other relief as the Court deems just and proper.

12

13  Dated: September 23, 2013                    PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

14                                        By: _____

15                                          RICHARD A. PAUL

16                                          ANGELA T. MULLINS
Attorneys for Defendants

17                                          SAN DIEGO STATE UNIVERSITY
RESEARCH FOUNDATION and THE

18                                          BOARD OF TRUSTEES FOR THE
CALIFORNIA STATE UNIVERSITY

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

**1.    Parties:**

This Settlement Agreement and General Release is entered into between Robert Brown ("Brown") and the Board of Trustees of the California State University ("CSU"), on behalf of the San Diego State Research Foundation (the "Foundation"), (collectively, the "Parties").

**2.    Claims:**

2.1    Brown has threatened to file an action in the United States District Court, Southern District of California against the Foundation (the "Threatened Litigation").

2.2    The parties wish to resolve all disputes and claims between them, including those arising from and/or relating to the Threatened Litigation and Claims.

**3.    Settlement Terms:**

3.1    This settlement is a compromise of disputed claims and is not an admission by any party of any liability.    CSU/Foundation specifically denies any wrongdoing of any kind whatsoever and enters into this Agreement to buy its peace and to avoid the further costs of litigation.

3.2    CSU/Foundation shall pay Brown $300,000, in full, final, and complete settlement of all claims, including but not limited to those arising from or relating to the Threatened Litigation as follows:

i)    Payment of $32,500 to Brown, constituting payment to Brown in consideration of his claims for unpaid wages, and as such, this check will be made payable to "Robert Brown" and will be subject to all normal payroll taxes and withholding, and reported as W-2 income; and

ii)    Payment of $267,500 constituting a non-wage payment to Brown in consideration of his claim for damages based on alleged physical injury, emotional distress, attorneys' fees, penalties, and other non-wage recovery. This payment will be made in the form of a check payable to "The Law Offices of Alvin Gomez" and shall be reported as 1099 income to his attorney.

3.3    Brown and/or Brown's counsel agree to execute the Payee Data Record forms (and related accounting forms) required by the State of California for this settlement.    The settlement payment shall be made 10 (ten) business days after:

i)    CSU/Foundation has received the fully executed Payee Data Record forms;

ii)    CSU/Foundation has received the Plaintiff's resignation letter (attached hereto);

iii)    CSU/Foundation has received the Plaintiff's withdrawal of his OFCCP complaint; and

EXH. E - 47

iv) The Effective Date of this Agreement as set forth in paragraph 3.14.

3.4   Brown agrees that neither Brown nor his attorneys have relied on any representations as to the tax consequences of this Settlement Agreement and General Release. Brown further agrees that if any taxing authority determines that any part of the settlement is taxable, Brown will be solely responsible for all such taxes, and that Brown shall indemnify and hold harmless CSU/Foundation from liability to any tax authority, and from any claims made in any administrative or judicial action to collect taxes from CSU/Foundation. If a proceeding is instituted against CSU/Foundation, CSU/Foundation will give Brown notice of the proceedings at his/her last known address and Brown will be obligated to defend and indemnify CSU/Foundation.

3.5   The parties agree that Brown shall remain on paid disability leave from the Foundation until July 30, 2012. Brown shall execute his post-dated resignation from his position at the Foundation contemporaneously with this settlement agreement. The terms shall be as follows:

i) Brown understands that his resignation is irrevocable as of the date of the signing of this settlement agreement. This means that the resignation may not be withdrawn, rescinded, and may not be appealed to the State Personnel Board (SPB) under section 89542 of the California Education Code, which states that a resignation may be appealed to the SPB if such resignation was based on mistake, fraud, duress, undue influence, or for any other reason it was not a free, voluntary and binding act of the person resigning.

ii) Brown represents and agrees that he will not be reemployed by CSU/Foundation or any of its auxiliaries and that he will not apply for or otherwise seek employment with CSU/Foundation or any of its auxiliaries at any time.

iii) This release includes any claims for any paid leave time.

3.6   Brown hereby releases and forever discharges the State of California and CSU/Foundation, and each of its agents, attorneys, current and former employees, officers, directors, trustees, auxiliary organizations, insurers, representatives and all persons acting by, through, under or in concert with any of them (collectively referred to as "CSU/Foundation Released Parties") from any and all manner of claims, actions, obligations, attorneys' fees, damages or liabilities of any kind whatsoever, whether known or unknown, fixed or contingent, which Brown may have or claim against CSU/Foundation Released Parties, or any of them, including, without limiting the generality of the foregoing, any claims in any way arising out of, based upon, or related to Brown's hiring, employment and separation from employment with CSU/Foundation, the Action, Age Discrimination in Employment Act, or the Older Worker Benefit Protection Act.

3.7   Brown acknowledges the provisions of California Civil Code section 1542, which he expressly waives. That statute states:

EXH. E - 48

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

3.8   Brown agrees that the sum in paragraph 3.2 is in full satisfaction of all damages, loss, injury, or consequential damage, including attorneys' fees, costs and expenses, for the injuries alleged in the draft complaint leading to this settlement. Brown further agrees to withdraw all Claims previously filed by him with any state or federal agency and indicate that this settlement fully satisfies any claims of loss on his behalf referred to in those proceedings. Brown agrees to notify the OFCCP of this settlement and his full satisfaction with the resolution of this dispute in so far as his claims are concerned

3.9   This Settlement Agreement and General Release shall be interpreted under the laws of the State of California.

3.10  The Parties declare and represent that no promise, inducement or agreement not discussed in this Agreement has been made between them, and that this Agreement constitutes the entire understanding and agreement of the parties and supersedes all prior or contemporaneous agreements or understandings. Modifications and/or amendments to this Agreement must be in writing signed by all Parties.

3.11  Brown agrees to submit a voluntary resignation, effective August 1, 2012, attached hereto, and the Foundation agrees to honor and accept Brown's voluntary resignation from his position.

3.12  The parties acknowledge that CSU/Foundation are subject to the California Public Records Act ("CPRA") and that this Agreement may constitute a public record of a type that is generally required to be disclosed upon request.

The Parties agree that they will not voluntarily release this Agreement to third parties or to otherwise disclose its contents publicly except under the following circumstances:

(a) CSU/Foundation receives a request and determines it is required by law to release the document to the person or entity submitting the request;

(b) either party is required to disclose either pursuant to a subpoena issued by a competent authority or an order issued by a court or tribunal of competent jurisdiction;

(c) CSU/Foundation determines that disclosure is necessary for CSU/Foundation to defend itself in a judicial action or legislative or administrative proceeding (either internal or external); or

(d) either party initiates an action to enforce this Agreement. Nothing in this provision shall preclude the parties from sharing a copy of this Agreement or

EXH. E 

disclosing its contents to their accountants or attorneys, and in the case of CSU/Foundation, to CSU/Foundation officers, agents or employees with a need to know in order to perform their duties, and in the case of the Employee, to his domestic partner or spouse.

3.13    Brown acknowledges that he has been represented by counsel.  Brown represents that he has been given a period of at least twenty-one (21) days within which to consider this Agreement and to the extent he has executed the Agreement prior to the expiration of that period, Brown has done so knowingly and voluntarily with the advice of his attorneys.

3.14    Brown represents that he has seven (7) days immediately following the date on which he executed this Agreement to revoke its terms, and all of them with regard to any claim of age discrimination.  This Agreement shall not become binding or effective until the eighth day following Brown's execution of it (the "Effective Date").  In the event Brown invokes his right of revocation, he is only entitled to revoke as to any age discrimination claim he may assert.  All of terms and conditions in this Agreement remain in full force and effect.

3.15    This Settlement Agreement and General Release may be signed in counterparts.

Dated:  06/11/2012

Robert Brown

Dated:  6/11/2012

Board of Trustees of the California State University, San Diego State Research Foundation
By:     Charlene Minnick
Its:     Assistant      Vice      Chancellor, Systemwide  Risk  Management  & Public Safety

Approved as to form:

Dated:  6/11/12

Alvin Gomez, Esq.
Attorney for Robert Brown

Dated:  6/11/12

Richard A. Paul, Esq.
Attorney  for  Board  of  Trustees  of  the California State University, San Diego State Research Foundation

Page 4 of 4

June 11, 2012


San Diego State University Research Foundation
5250 Campanile Drive
San Diego, CA 92182


To Whom It May Concern:

The purpose of this letter is to advise the San Diego State Research Foundation that I voluntarily resign from my position as Risk Manager effective August 1, 2012.


Sincerely,

Robert Brown

June 11, 2012


Suzanne Jones, District Director
Frances Nesbitt-Hogue, Compliance Officer
U.S. Department of Labor
Office of Federal Contract Compliance Programs
San Diego District Office
550 West C Street, Suite 900
San Diego, CA 92101

Dear Ms. Jones and Ms. Jones Nesbitt-Hogue:

On or about October 18, 2011, I submitted a complaint to the United States
Department of Labor, Office of Federal Contract Compliance Programs, against
the San Diego State University Research Foundation (Complaint #I00168500).

This letter is to provide verification that this Complaint has been resolved to my
satisfaction, and that I hereby withdraw it in full.

Thank you.

Sincerely,

Robert Brown



CC:    Bob Wolfson, Executive Director, SDSURF
       Alvin Gomez, Esq. (attorney for Robert Brown)
       Rich Paul, Esq. (attorney for SDSURF)

*Brown v. San Diego State University Foundation*
SDSC Case No. 37-2013-00060498-CU-OE-CTL

## PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to this action. I am employed, or am a resident of, the County of San Diego, California, and my business address is: Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth Floor, San Diego, California 92101-8285.

On September 23, 2013, I caused to be served the following document(s):

- **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

Geniene B. Stillwell
Freda Tjoarman
Stillwell Law Office
384 Forest Avenue, Suite 23b
Laguna Beach, CA 92651
Telephone: (949) 494-4744
Facsimile: (949) 494-4734
E-Mail: gstillwell@stillwelllawoffice.com
E-Mail: freda@stillwelllawoffice.com

☑ (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully prepaid postage, I placed each for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

☐ (By **OVERNIGHT DELIVERY**) I deposited in a box or other facility regularly maintained by the express service carrier, or delivered to a courier or driver authorized by the express service carrier to receive documents, in an envelope or package with delivery fees paid or provided for, and addressed on whom it is to be served pursuant to Code of Civil Procedure section 1013(c).

☐ (By **E-MAIL OR ELECTRONIC TRANSMISSION**) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☑ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed September 23, 2013, at San Diego, California.

_____
Martha Martinez

PAUL PLEVIN
SULLIVAN &
CONNAUGHTON LLP

PROOF OF SERVICE                    1

EXH. E - 53

EXHIBIT F

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Richard A. Paul (SBN 057976)
Angela T. Mullins (SBN 223737)
Paul, Plevin, Sullivan & Connaughton LLP
101 West Broadway, Ninth Floor
San Diego, CA 92101
TELEPHONE NO.: 619-237-5200          FAX NO.(Optional): 619-615-0700
E-MAIL ADDRESS (Optional): rpaul@paulplevin.com
ATTORNEY FOR (Name): San Diego State University Research Foun

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
- [ ] CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101
- [X] CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
- [ ] CENTRAL DIVISION, FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101
- [ ] CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE., SAN DIEGO, CA 92101
- [ ] CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123
- [ ] CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

PLAINTIFF(S) ROBERT BROWN

DEFENDANT(S) SAN DIEGO STATE UNIVERSITY FOUNDATION; BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY

JUDGE
Hon. John S. Meyer

IN THE MATTER OF

DEPT
C-61

A MINOR

| | |
|---|---|
| **PEREMPTORY CHALLENGE** | CASE NUMBER<br>37-2013-00060498-CU-OE- |

Defendant San Diego State University Research Foundation, is [X] a party [ ] an attorney for a party in the above-entitled case and declares that Honorable John S. Meyer ,the judge to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such judge.

WHEREFORE, pursuant to the provisions of Code Civ. Proc. §170.6, I respectfully request that this court issue its order reassigning said case to another, and different, judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 23, 2013

Angela T. Mullins                                         Signature

ORDER OF THE COURT

- [ ] GRANTED - This case is referred to Presiding/Supervising Department for reassignment and a notice will be mailed to counsel.

- [ ] DENIED

Date: _____          _____
                                        Judge/Commissioner/Referee of the Superior Court

**FOR OFFICE USE ONLY**

This case has been reassigned to Judge _____ per Presiding/Supervising Judge
_____ on _____.

SDSC CIV-249 (Rev. 10/10)          **PEREMPTORY CHALLENGE**          Code Civ. Proc. § 170.6
                                                                    SD-249

EXH. F - 54

1  *Brown v. San Diego State University Foundation*
   SDSC Case No. 37-2013-00060498-CU-OE-CTL

2

3                        **PROOF OF SERVICE**

       I, the undersigned, hereby declare that I am over the age of eighteen years and not a party
4  to this action. I am employed, or am a resident of, the County of San Diego, California, and my
   business address is: Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth
5  Floor, San Diego, California 92101-8285.

6        On September 23, 2013, I caused to be served the following document(s):

7    •   **PEREMPTORY CHALLENGE**

8  on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

9
    Geniene B. Stillwell
10  Freda Tjoarman
    Stillwell Law Office
11  384 Forest Avenue, Suite 23b
    Laguna Beach, CA 92651
12  Telephone: (949) 494-4744
    Facsimile: (949) 494-4734
13  E-Mail: gstillwell@stillwelllawoffice.com
    E-Mail: freda@stillwelllawoffice.com

14
   ☑   (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully
15       prepaid postage, I placed each for deposit with United States Postal Service, this same
        day, at my business address shown above, following ordinary business practices.

16
   ☐   (By **OVERNIGHT DELIVERY**) I deposited in a box or other facility regularly
17       maintained by the express service carrier, or delivered to a courier or driver authorized by
        the express service carrier to receive documents, in an envelope or package with delivery
18       fees paid or provided for, and addressed on whom it is to be served pursuant to Code of
        Civil Procedure section 1013(c).

19
   ☐   (By **E-MAIL OR ELECTRONIC TRANSMISSION**)  Based on a court order or an
20       agreement of the parties to accept service by e-mail or electronic transmission, I caused
        the documents to be sent to the person(s) at the e-mail addresses listed above. I did not
21       receive, within a reasonable time after the transmission, any electronic message or other
        indication that the transmission was unsuccessful.

22
   ☑   (State) I declare under penalty of perjury under the laws of the State of California that the
23       foregoing is true and correct.

   Executed September 23, 2013, at San Diego, California.
24

25
                                    *Martha Martinez*
26                                  Martha Martinez

27

28

1 | *Brown v. San Diego State University Foundation*
USDC Case No. _____

2

### PROOF OF SERVICE

3

4 |     I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to this action. I am employed, or am a resident of, the County of San Diego, California, and my business address is: Paul, Plevin, Sullivan & Connaughton LLP, 101 West Broadway, Ninth Floor, San Diego, California 92101-8285.

5

6

    On September 25, 2013, I caused to be served the following document(s):

7

8 | • **NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1331 AND 1441;**

9 | • **DEFENDANT SAN DIEGO STATE UNIVERSITY RESEARCH FOUNDATION'S NOTICE OF PARTY WITH A FINANCIAL INTEREST;**

10

• **CIVIL COVER SHEET**

11

12 | on the interested party (ies) in this action by placing a true copy thereof and addressed as follows:

13 | Geniene B. Stillwell
Freda Tjoarman

14 | Stillwell Law Office
384 Forest Avenue, Suite 23b

15 | Laguna Beach, CA 92651
Telephone: (949) 494-4744

16 | Facsimile: (949) 494-4734
E-Mail:

17 | gstillwell@stillwelllawoffice.com
E-Mail: freda@stillwelllawoffice.com

18

19 | ☑     (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully prepaid postage, I placed each for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

20

21 |     I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

22

23 | Executed September 25, 2013, at San Diego, California.

24

25 | _____
Martha Martinez

26

27

28