# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BROWN,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>SAN DIEGO STATE UNIVERSITY FOUNDATION, a California non-profit corporation; BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, an unknown entity; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　Defendants. | CASE NO. 3:13-cv-2294-GPC-NLS<br><br>**ORDER DENYING DEFENDANTS' MOTION IN LIMINE FOR A BENCH TRIAL**<br><br>**[ECF No. 68]** |

## I. INTRODUCTION

Before the Court is Defendants San Diego State University Foundation and Board of Trustees of the California State University (collectively, "Defendants") Motion in Limine for a Bench Trial. (ECF No. 68.) Plaintiff Robert Brown ("Plaintiff") opposes. (ECF No. 77.) A hearing was held on July 24, 2015. (ECF No. 80.) Upon review of the moving papers, admissible evidence, and applicable law, the Court **DENIES** Plaintiff's Motion in Limine for a Bench Trial.

## II. DISCUSSION

This is the first phase of a bifurcated trial which seeks to determine the validity of an agreement between the parties that included a release of a significant number of

Plaintiff's causes of action against Defendants (the "Settlement Agreement"). (*See* ECF No. 56.) Defendants argue two alternate reasons why Plaintiff does not have a right to a jury trial during this phase: (1) Defendant's affirmative defense seeks an equitable remedy, and (2) Title VII only contains a right to jury trial when compensatory or punitive damages are at issue. (ECF No. 68-1.)

**A. Title VII**

Citing *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061 (9th Cir. 2005), Defendants argue that "Title VII grants parties a limited right to a jury trial only when compensatory or punitive damages are at issue." (ECF No. 68-1, at 5 (citing *Lutz*, 403 F.3d at 1068).) This argument misunderstands *Lutz*. While *Lutz* did note that, under Title VII, compensatory and punitive damages are legal remedies to which the right to a jury trial attaches, it did so to contrast those remedies with the equitable remedies of back pay and reinstatement to which the right to a jury trial does not attach. *See Lutz*, 403 F.3d at 1061 ("In light of the nearly uniform view of the courts of appeals that back pay under Title VII must be tried to the court, it is particularly telling that Congress provided a jury trial right for some Title VII claims while expressly declining to do so for back pay.") (citations omitted). However, the issue to be decided by the finder of fact during the first phase of this bifurcated trial is related to liability, namely, whether or not Defendants are liable on a number of Plaintiff's causes of action based on the Settlement Agreement. The decision in *Lutz* makes clear that plaintiffs do have a "jury trial right on [the issue of liability]." *Id.* at 1067 (holding that the issue of liability would be decided by the judge on remand, not because there was no right to a jury trial on that issue, but because the plaintiff had waived that right). Accordingly, the Court finds that, consistent with the Ninth Circuit's holding in *Lutz*, Plaintiff generally has a right to a jury trial on the issue of liability.

**A. Seventh Amendment Right to a Jury Trial**

However, the specific issue that is relevant during the first phase of this bifurcated trial is the validity of the Settlement Agreement, an issue that relates only

to Defendants' affirmative defense. In the Ninth Circuit, "[a] litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature." *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996) (citation omitted).[1] Defendants have plead an affirmative defense of settlement and release based on agreement between Plaintiff and Defendants reached prior to the institution of this lawsuit (the "Settlement Agreement"). (ECF No. 1-2, Ex. E, at 44.)

Defendants argue that they "seek to enforce the [Settlement Agreement]" and that "[a] party who seeks to enforce a settlement agreement essentially seeks specific performance of a contract." (ECF No. 68-1, at 3.) This argument, however, ignores that Defendants raised the Settlement Agreement as an affirmative defense that bars a number of Plaintiff's causes of action, but did *not* assert a counterclaim for specific performance of that agreement. (*See* ECF No. 1-2, Ex. E, at 44.) Had Defendants counterclaimed for specific performance rather than raise the affirmative defense of release, that would be an equitable claim tried by the Court. *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989) ("An action for specific performance without a claim for damages is purely equitable and historically has always been tried to the court.") (citations and internal quotation marks omitted).

In spite of their lack of counterclaim, Defendants respond that an affirmative defense of release is similar to a motion to enforce a settlement agreement and the Ninth Circuit and other courts have found settlement agreements to "essentially [be] an action to specifically enforce a contract." *Id.* But the cases involving motions to

---

[1] The Court notes that this is not necessarily the same in other circuits. Several district courts have stated that "the right to trial by jury attaches to 'claims' and not 'defenses.'" *Burlington N. R. Co. v. Neb. Public Power Dist.*, 931 F. Supp. 1470, 1481 (D. Neb. 1996); *see also Goettsch v. Goettsch*, 29 F. Supp. 3d 1231, 1243 (N.D. Iowa 2014); *CPI Plastics, Inc. v. USX Corp.*, 22 F. Supp. 1373, 1377 (N.D. Ga. 1995). This is consistent with some circuit decisions as well. *See, e.g., Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 969 (8th Cir. 2005); *Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1341 (Fed. Cir. 2001) ("In summary, this court holds that a defendant, asserting only affirmative defenses and no counterclaims, does not have a right to a jury trial in a patent infringement suit if the only remedy sought by the plaintiff-patentee is an injunction."). However, other courts have found that the "right to a jury trial is . . . determined . . . by an appraisal of the claims, defenses, and remedies." *Kerr-McGee Corp. v. Bokum Corp.*, 453 F.2d 1067, 1071 (10th Cir. 1972).

enforce settlement agreements—such as those cited by Defendants, *e.g.*, *Adams*, 876 F.2d 702; *Ford v. Citizens and S. Nat. Bank, Cartersville*, 928 F.2d 1118 (11th Cir. 1991); *Warner v. Rossignol*, 513 F.2d 678 (1st Cir. 1975)—are not directly on point because "it is well settled that a court has inherent power to enforce summarily a settlement agreement involving an action pending before it." *In re Suchy*, 786 F.2d 900, 903–04 (9th Cir. 1985) (citations omitted); *see also Ford*, 928 F.2d at 1121; *Warner*, 513 F.2d at 680–83; *In re Gerry*, 670 F. Supp. 276, 277 n.2 (N.D. Cal. 1987), *aff'd sub nom. Adams v. Johns-Manville Corp.*, 876 F.2d 702 (9th Cir. 1989). In contrast to *Adams*, *Ford*, and *Warner*, the Settlement Agreement was reached prior to the institution of this lawsuit and did not involve an action pending before this Court. *See In re Suchy*, 786 F.2d at 903–04. Thus, the Court does not have the inherent authority that it would have had the Settlement Agreement been formed after Plaintiff filed suit. Without guidance from these cases, the Court turns to first principles.

To determine whether there is a right to a jury trial, the Court determines whether an affirmative defense is legal or equitable. *Adams*, 876 F.2d at 709 (citations omitted); *Granite State*, 76 F.3d at 1027. In assessing this distinction, two factors are important: (1) premerger custom, and (2) the remedy sought. *Id.* (citations omitted). Prior to the merger of law and equity in 1938, the Supreme Court referred to "the bar of release" as a "legal defense" and noted that a "release . . . is a . . . defense at law." *Radio Corp. of Am. v. Raytheon Mfg. Co.*, 296 U.S. 459, 462–63 (1935). However, the Supreme Court also noted that "there are times when a release . . . is voidable in equity, and in equity only." *Id.*[2]

The First Circuit has noted a distinction between ways in which a defendant can raise a release as a defense, specifically whether the parties to the contract containing

---

[2] The Court does note that some courts, primarily in the CERCLA context, have referred to release as an "equitable defense." *See, e.g., United States v. Smuggler-Durant Min. Corp.*, 823 F. Supp. 873, 876 (D. Col. 1993); *United States v. Walerko Tool and Engineering Corp.*, 784 F. Supp. 1385, 1388 (N.D. Ind. 1992); *Peterson v. A. Guthrie & Co.*, 3 F. Supp. 136, 138 (W.D. Wash. 1933). However, none of these courts explained why the defense was equitable and thus they are unpersuasive.

the release have or have not fulfilled their respective obligations. *See Warner v. Rossignol*, 513 F.2d 678, 683 (1st Cir. 1975). In *Warner*, the parties reached an oral settlement agreement after the institution of the lawsuit, but the defendant delayed payment. *Id.* at 680–81. Due to the delay, the plaintiff purported to withdraw from the settlement. *Id.* at 681. Several weeks after the plaintiff purported to withdraw from the settlement, the defendant provided a check payment to plaintiff which the plaintiff refused to cash. *Id.* The defendant responded by filing a motion to enforce the settlement agreement, which the district court granted and the plaintiff appealed. *Id.* at 681–82. On appeal, the First Circuit held that:

> Plaintiff has claimed a jury trial on these matters. Accord and satisfaction is a traditional affirmative defense at law apparently requiring, if demanded, a jury determination of disputed material facts. *See Brown v. Spofford*, 95 U.S. 474, 483–84, 24 L.Ed. 508 (1877); *Cushing v. Wyman*, 44 Me. 121 (1857); Fed. R. Civ. P. 8(c) & 38. But this is not a case where the defending party raises a consummated accord and satisfaction in bar. Rather the defendant seeks to block plaintiff's continuation of an original action by asking the court to specifically enforce a settlement contract which plaintiff refuses to carry out. Specific performance is an equitable proceeding.

*Id.* at 683 (citations omitted); *cf. Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709–10 (9th Cir. 1989). In essence, the First Circuit distinguished between settlement agreements where the parties have met their obligations under the contract, e.g., a "consummated accord and satisfaction," and settlement agreements where the parties have not met their obligations, e.g., "asking the court to specifically enforce a settlement contract which plaintiff refuses to carry out." *Warner*, 513 F.2d at 683. However, as noted above, *Warner* involved a motion to enforce a settlement agreement and not an affirmative defense.

Overall, the Court finds that the caselaw on this issue is mostly inapposite. The majority of cases that deal with this issue involve motions to enforce rather than affirmative defenses. As the Settlement Agreement did not involve a case pending before the Court at the time it was reached, it is unclear whether the Court could actually summarily enforce that agreement, in contrast to *Adams*, *Ford*, and *Warner*.

That said, the cases cited by Plaintiff where the validity of a release has been decided by a jury did not actually analyze the issue of whether it should have been presented to a jury, (ECF No. 77, at 2–4). *See, e.g., Callen v. Penn. R. Co.*, 332, U.S. 625, 628–29 (1948); *Wastak v. Lehigh Valley Health Network*, 342 F.3d 281, 295 (3d Cir. 2003); *Shaw v. City of Sacramento*, 250 F.3d 1289, 1292 (9th Cir. 2001)

The Court finds that the most relevant fact is that Defendants have not sought any affirmative relief. They have neither filed a counterclaim for specific performance nor filed a motion to enforce the Settlement Agreement. Those two remedies ask the Court to use its equitable powers to force the parties to adhere to an agreement. In contrast, an affirmative defense of release merely asks the Court to dismiss Plaintiff's lawsuit as barred. Additionally, at least one court has noted that the validity of a release is a question for the jury. *See Wastak*, 342 F.3d at 295. However similar to a counterclaim for specific performance Defendants' affirmative defense of settlement and release is, the fact remains that Defendants are not actually requesting specific performance. Rather they are merely raising the Settlement Agreement as a bar to a certain number of Plaintiff's causes of action and thus they are raising a legal defense. Accordingly, the Court finds there is a right to a jury trial because Defendants are seeking a legal remedy, not an equitable one.

### III. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine for a Bench Trial, (ECF No. 68), is **DENIED**.

DATED: July 27, 2015

HON. GONZALO P. CURIEL
United States District Judge